# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TIMOTHY A. HORNE, | Civil Action No. 19-8969 (SDW) |
| **Plaintiff,** | |
| v. | **OPINION** |
| SCO COTTRELL, | |
| **Defendant.** | |

**WIGENTON**, District Judge:

Currently before the Court is the complaint (ECF No. 1) and application to proceed *in forma pauperis* (Document 1 attached to ECF No. 1) of Plaintiff Timothy A. Horne. Based on Plaintiff's application, leave to proceed *in forma pauperis* is warranted in this matter, and the Court will therefore grant Plaintiff's application to proceed *in forma pauperis*. As the Court is granting Plaintiff *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must dismiss Plaintiff's claims if they are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune. For the reasons set forth below, this Court will dismiss Plaintiff's complaint without prejudice in its entirety.

## I. BACKGROUND

In his complaint, Plaintiff seeks to raise a claim pursuant to 42 U.S.C. § 1983 against Defendant Cottrell, the property officer of Northern State Prison. (ECF No. 1). Plaintiff contends that Defendant engaged in an "unlawful taking" of Plaintiff's "commissary purchased TV." (*Id.* at 4). Specifically, Plaintiff asserts that he purchased the television while incarcerated at South

Woods Sate Prison and still possessed it when he arrived at Northern State Prison in February 2018. (*Id.* at 7). Plaintiff was then sent to East Jersey State Prison in May 2019, but did not receive his television there. (*Id.*). Plaintiff was then "sent back" to administrative segregation at Northern State Prison for thirty days. (*Id.*). On June 12, 2018, Plaintiff received all of his property except for the TV, which he believes was taken by Defendant Cottrell while his property was held in the prison's possession under Cottrell's supervision. (*Id.*). Plaintiff was moved back to East Jersey State Prison, where he complained about the loss of the television, and was apparently told in August 2018 that "Northern State prison was at fault for not sending [his] TV" to East Jersey State Prison. (*Id.* at 8). Plaintiff was then told in October 2018 that he would receive a new television, but apparently has not yet received it. (*Id.*).

## II. DISCUSSION

### A. Legal Standard

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee, *see* 28 U.S.C. § 1915A. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff has been granted *in forma pauperis* status.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"

556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

## B. Analysis

Plaintiff seeks to bring a claim against Defendant Cottrell based on an alleged violation of his constitutional rights arising out of the loss of his television at Northern State Prison. "To establish a claim under 42 U.S.C. § 1983,[2] a plaintiff must demonstrate a violation of a right

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

[2] Plaintiff contends that the taking of his television violates both § 1983 and 42 U.S.C. § 1985(3). A section 1985(3) claim, however, will only be viable where it is based on a conspiracy driven by an "intent to deprive [a member of a protected class] of equal protection, or equal privileges and immunities [based on] some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Farber v. City of Paterson*, 440 F.3d 131, 135 (3d Cir. 2006). Although Plaintiff asserts that Defendant "conspired" to deprive him of his television, he neither alleges facts indicative of a conspiracy – agreement and concerted action by multiple parties seeking to obtain a specific goal, *see Brown v. Deparlos*, 492 F. App'x 211, 215 (3d Cir. 2012); *Desposito v. New Jersey*, No.

protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (section 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]"). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)).

In his complaint, Plaintiff essentially seeks to assert a claim that Defendant Cottrell deprived him of his property in the form of his television without Due Process. As this Court has explained,

> To assert a Due Process claim for the deprivation of one's property by a public official, a plaintiff must assert that he possessed a property interest, that he was deprived of that interest by a state actor, and that he was not provided notice and an opportunity to be heard in relation to the taking of his property interest. *See Rusnak v. Williams*, 44 F. App'x 555, 558 (3d Cir. 2002). "Where a state actor deprives an individual of property without authorization, [however,] either intentionally or negligently, that deprivation does not result in a violation of the Fourteenth Amendment so long as a meaningful post deprivation remedy for the loss is available. *See Hudson v. Palmer*, [468 U.S. 517, 530-36] (1984); *Parratt v. Taylor*, [451 U.S. 527, 543-44] (1981); *overruled in part on other grounds*, *Daniels v. Williams*, [474 U.S. 327] (1986)." *Love v. New Jersey Dep't of Corr.*, Civil Action No. 14-5629, 2015 WL 2226015, at *5 (D.N.J. May 12, 2015); *see also Miller v. Fraley*, No. 12-4470, 2015 WL 511296, at *11 (D.N.J. Feb. 6, 2015). The State of New Jersey has provided a proper post-deprivation remedy to plaintiffs for the unauthorized deprivation of their property through the New Jersey

---

14-1641, 2015 WL 2131073, at *14 (D.N.J. May 5, 2015), – nor any racial or class based animus. Plaintiff thus fails to plead either a § 1983 conspiracy claim nor a viable claim under § 1985(3). Thus, to the extent Plaintiff sought to raise any such claims, those claims are dismissed without prejudice.

Tort Claims Act. *See N.J. Stat. Ann.* § 59:1-1, *et seq.*; *Love*, 2015
WL 2226015 at *5; *Miller*, 2015 WL 511296 at *11.

*Love v. New Jersey Dep't of Corr.*, No. 15-4404, 2016 WL 2757738, at *8 (D.N.J. May 12, 2016).

In his complaint, Plaintiff contends that Defendant unlawfully took his television, and thus has

asserted that Defendant took his property without authorization. His deprivation of property claim

must therefore fail as the State of New Jersey has provided Plaintiff with a meaningful form of

post-deprivation process through which he can address the loss of property – the New Jersey Tort

Claims Act. *Id.* Indeed, Plaintiff has sought and received some process regarding his property

loss – he has filed grievances addressing the loss, and been told he will eventually receive a new

TV. Because meaningful post-deprivation process is available, and because the alleged taking was

not authorized or "lawful," Plaintiff fails to state a claim for which relief may be granted in his

current § 1983 claim, and his complaint must therefore be dismissed. *Id.*

## III. CONCLUSION

For the reasons stated above, Plaintiff's application to proceed *in forma pauperis* is

GRANTED, his complaint shall be DISMISSED WITHOUT PREJUDICE in its entirety. An

Appropriate order follows.


Dated: April 3, 2019                                   *s/ Susan D. Wigenton*
                                                      Hon. Susan D. Wigenton,
                                                      United States District Judge